UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

*******************************************************************

|  |  |  |
|---|---|---|
| STEVE NOVOTNY, | * | CIV 08-3020 |
| Plaintiff, | * | |
| -vs- | * | ORDER AND OPINION |
| TRIPP COUNTY, SOUTH DAKOTA, et al., | * | |
| Defendants. | * | |

*******************************************************************

**KORNMANN, UNITED STATES DISTRICT JUDGE**

There have been procedural problems in connection with this case. All documents served and filed by plaintiff incorrectly caption this case in the Southern Division of the District of South Dakota. This case is venued in the Central Division and all documents should be captioned accordingly.

The plaintiff has, in effect, thrown the kitchen sink into this case. He advances claims of every possible grievance he has against the defendants. The court has attempted to sort through multitudinous reams of paper filed by plaintiff, all filed in violation of D.S.D.LR 7.2(B) which sets a page limit of 25 pages. No prior approval to exceed such limit was sought by plaintiff. After the fact, he seeks such permission after having already filed the brief in violation of the

rule. Rules of court should not be violated. However, I will grant the plaintiff's motion to allow his brief to exceed page limitations in order to timely deal with defendants' summary judgment motion. This, of course, means that the defendants' motion to strike plaintiff's brief is denied.

We are dealing with a motion for summary judgment (Doc. 47) filed by the defendants. The proper procedure in dealing with such a motion is well known.

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c) and Donaho v. FMC Corporation, 74 F.3d 894, 898 (8th Cir. 1996). The United States Supreme Court has held that:

> The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact", since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "A material fact dispute is genuine if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." Landon v. Northwest Airlines, Inc., 72 F.3d 620, 624 (8th Cir. 1995).

As a general proposition, under federal law, unlike South Dakota law, summary judgment is a favored procedure. *Compare* Celotex v. Catrett, 477 U.S. at 327, 106 S.Ct. at 2555 ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action'") and Wilson v. Great Northern Ry. Co., 157 NW2d 19, 22 (S.D. 1968) ("Summary judgment is generally not feasible in negligence cases").

In considering the motion for summary judgment, this court must view the facts in the light most favorable to the nonmoving party (the plaintiff here) and "give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts." Donaho v. FMC Corporation, 74 F.3d at 897-898. The court will follow that directive.

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. To establish the existence of a genuine issue of material fact, "[a] plaintiff may not merely point to unsupported self-serving allegations." Bass v. SBC Commc'ns, Inc., 418 F.3d 870, 872 (8th Cir. 2005). The plaintiff "must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor." *Id.* at 873.

Plaintiff attempts to advance claims of trespass of one defendant's cattle on more than one occasion. There are numerous remedies (including self-help) under South Dakota law for any trespass of livestock. Such claims, assumed to be true, have no place in federal court under claims of constitutional violations. Plaintiff attempts to advance claims as to trespassing hunters who were or had been guests of one of the present defendants. A farmer or rancher has no obligation to supervise slob hunters and, at least in general, has no derivative liability for misconduct by such guests. Plaintiff attempts to advance claims for one or more of his daughters (and perhaps for his Mother) having been harassed by one or more of the defendants. Any such cause of action, if any, belongs to the person harassed and not to the plaintiff.

Plaintiff fails to understand that United States District Courts do not sit as courts of appeal from state courts.

The Rooker-Feldman (Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983)), doctrine forecloses indirect attempts to undermine state court decisions. Likewise, a federal constitutional claim, e.g. under 42 U.S.C. §§ 1983 and 1985(3) and 18 U.S.C. § 1964(a), is "inextricably intertwined" with a state court judgment if the federal claim could succeed only to the extent that the state court wrongfully decided the issue before it. The doctrine applies even though a party to the federal action was not a party in the state court action. *See* Lemonds v. St. Louis County, 222 F.3d 488, 492-95 (8th Cir. 2000). The doctrine applies to claims for injunctive and declaratory relief, as well. Keene Corp. v. Cass, 908 F.2d 293, 297 (8th Cir. 1990).

The doctrine interprets 28 U.S.C. §1257 to deprive lower federal courts of jurisdiction to hear challenges to state court judgments except in habeas corpus proceedings and this applies to state proceedings that are essentially judicial in nature. Feldman, 460 U.S. at 476. *See also* Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003). Even claims which could have been raised in the state court proceedings but were not raised are barred since otherwise the federal court "is in essence being called upon to review a state court decision." Feldman, 460 U.S., at 482 n.16. *See also* Mosby v. Ligon, et al., 418 F.3d 927 (8th Cir. 2005). The essential point is that federal district courts are courts of original jurisdiction. By statute they are precluded from serving as courts of appeal to review state court judgments, since that appellate function is reserved to the Supreme Court. 28 U.S.C. § 1257.

The United States Supreme Court has recently narrowed application of the Rooker/Feldman doctrine to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., 125 S.Ct. 1517, 1521-22 (2005).

"*Exxon Mobil* makes clear that the *Rooker/Feldman* doctrine precludes federal district court jurisdiction only if the federal suit is commenced after the state court proceedings have ended. *See id.* at 1527 ('[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court.'); *see also Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 604-05 n. 1 (9th Cir. 2005) (determining whether state-court proceedings were complete as the first step of a post-*Exxon Mobil Rooker/Feldman* analysis). There is no judgment to review if suit is filed in federal district court prior to completion of the state-court action. Rather, '[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.' *Exxon Mobil*, 125 S.Ct. at 1527." Dornheim v. Sholes, 430 F.3d 919, 923 (8th Cir. 2005).

Plaintiff complains of protection orders entered by a state court judge. A federal court does not exercise supervisory control over state court judges. Nor, in general, can a collateral attack in a civil case be launched against orders issued by state court judges. As to claimed perjury and subordinations of perjury in state court actions (which plaintiff here complains did

occur), a federal court should not be delving into any such matters which occurred in state court since a federal court would thus be required to "go behind" the protection orders entered by the state court. This will not be permitted here. In addition, one named defendant was in fact prosecuted in state court for perjury and entered into a plea agreement with the State resulting in a deferred prosecution. A federal court should not be "getting into the middle" of any such matter. Finally, even a witness who testifies falsely cannot be held liable in a civil action based on that testimony. Testimony in a judicial proceeding is privileged as a matter of law. Bristoe v. LaHue, 460 U.S. 325 (1983).

The principal gist of the complaints of plaintiff deal with claims of loss of the First Amendment privilege of freedom of speech. There is no competent evidence that any rights of the plaintiff to exercise freedom of speech have been abridged. His claims of threats made against a local newspaper by one of the defendants would deal with the rights of the newspaper and perhaps its editor, not of the plaintiff. Neither the plaintiff nor any other person has a constitutional right to have a letter published in a privately owned newspaper. A newspaper has the right to reject a letter for any reason or for no reason. Likewise, any citizen has the right to criticize what the newspaper chooses to publish or not publish. Any citizen has the right to withdraw financial support from a newspaper because of matters published or not published in the newspaper. Plaintiff claims that a county commissioner (defendant Virgil Novotny) threatened to vote to withdraw county publication business from the newspaper when another newspaper came into being in the county. There is no evidence that Mr. Novotny was acting on behalf of Tripp County or even claimed to be so acting. An elected county commissioner certainly has the right to vote to stop doing business with any entity doing business with the county. This court declines to start down a slippery slope of questioning the motives of elected county officials. In addition, no such vote ever occurred. Again, any prospective damage claim would in any event belong to the newspaper, not to the plaintiff.

Plaintiff's claims against defendant Schroeder, the duly elected sheriff of Tripp County, also have no merit. If any elected official is not acting as <u>clearly</u> required by state law, an action is available, known as Mandamus, in state court. In any county, the States' Attorney decides what cases to prosecute. The sheriff has no such authority. Plaintiff cites no authority (and there is none) for a federal court to impose liability upon a county sheriff who fails to investigate one

or more claimed criminal offenses. Like any elected public official, a sheriff is required to exercise discretion in performing the duties of office. We know, of course, that not every violation of law is investigated and not every violation of law is prosecuted. I decline to exercise supervisory authority over elected officials under the facts of this case.

The same reasoning applies to the claims of plaintiff that the defendants directly or indirectly made a complaint of noxious weeds as to land owned by the plaintiff. He admits that some noxious weeds existed but complains that other neighboring landowners had a more severe infestation and nothing was done as to them. Assuming that discrimination existed and unfair treatment existed as to plaintiff, such does not state a cause of action for a constitutional violation. I decline to act as a "super weed board" or weed enforcement official. I also decline to adjudicate noxious weed complaints. Any enforcement action may involve some discrimination and, in the eyes of some, unfair activity. After all, not every housing code violation is abated. Not every speeding violation is prosecuted. Not every zoning violation is abated.

We know also that even negligent failure to investigate leads or suspects does not violate due process. Wilson v. Lawrence County, Mo., 260 F.3d 946, 955 (8th Cir. 2001) (*citing* Daniels v. Williams, 474 U.S. 327, 334 ((1986)). There is no claim here that the plaintiff was charged with a crime under circumstances where public officials recklessly or intentionally failed to investigate other leads. In fact, there is no claim here that the plaintiff was charged with any crime. He claims that others should have been charged with crimes.

Plaintiff has no personal knowledge and no evidence to support his claim that two of his letters to the newspaper were rejected for publication because of anything done by any defendant.

The affidavit of Don Bender is not shown as made on personal knowledge. He attempts to place nothing but hearsay before the court and his affidavit should be stricken for failure to comply with the requirements of an affidavit in federal court. The motion of defendants to strike the affidavit should be granted. Likewise, the affidavit of attorney Steffen constitutes hearsay evidence and opinions (as to which she has not been identified as an expert witness); her affidavit should also be stricken. There is no claim made in the affidavits that either Bender or Steffen would be competent to testify or that the evidence would be admissible. It is not.

Substantial authority does exist to support the proposition that defamation alone does not give rise to a § 1983 claim. Plaintiff's claims of defamation should not be permitted to go forward in this action.

Plaintiff also attempts to present claims under the Fourteenth Amendment, alleging violation of his rights to due process and equal protection under the law. Despite wordy and frankly rambling allegations, no authority is cited and no specific constitutional right is defined. Viewing the facts in the light most favorable to plaintiff, there is no evidence of a policy or custom of anyone to violate the law or to invade the rights of the plaintiff. Although it is true that, in some cases, a policy can be inferred from one decision made, there is no evidence in the present case that there was any deliberative action on the part of either the county or county officials in an official capacity. "To establish a violation of procedural due process, a plaintiff must show that he has been deprived of a constitutionally protected life, liberty or property interest." Davenport v. Univ. of Ark. Bd. of Trs., 553 F.3d 1110, 1114 (8th Cir. 2009). A substantive due process claim is only reserved for "truly egregious and extraordinary cases" and this requires a showing by the plaintiff that the defendants deprived him of a right he maintained under the Fourteenth Amendment so as to shock the conscience. Mills v. City of Grand Forks, 614 F.3d 495 (8th Cir. 2010). The plaintiff failed to make this showing and cannot do so.

Plaintiff also claims the defendants conspired to deprive him of rights afforded to him under the Constitution of the United States. Specifically, he alleges they conspired to deprive him of the equal protection of the laws, his right of liberty or property, and of equal privileges and immunities under the laws. For many of the foregoing reasons, this claim fails as well. The plaintiff failed to provide any evidence that the defendants conspired to deprive him of his rights.

There is no genuine issue of any material fact. As a matter of law, the defendants are entitled to a summary judgment. Therefore, the court should grant the defendants' motion for summary judgment on all counts.

**ORDER**

Now, therefore,

IT IS ORDERED, as follows:

(1) The motion (Doc. 76) for leave to file excess pages is granted.

(2) The motion (Doc. 73) to strike plaintiff's memorandum in opposition to the motion for summary judgment is denied.

(3) The motion (Doc. 89) to extend deadlines is granted.

(4) The motion (Doc. 85) to strike the affidavit of Don Bender and the affidavit of attorney Steffen is granted.

(5) The telephonic pre-trial conference set for Friday, November 19, is cancelled.

(6) The motion (Doc. 47) of defendants for summary judgment is granted.

(7) Costs against plaintiff are to be taxed as provided by law.

Dated this 18th day of November 2010.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:

JOSEPH HAAS, CLERK

BY *Barbara Paepke*
DEPUTY
(SEAL)